UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM L. REICHLE & RICHARD       :
E. KELLEY,                                      :
                                   :
     Plaintiffs,                   :
                                   :
V.                                 :    Case No. 3:12-CV-1121(RNC)
                                   :
UNITED STATES & INTERNAL           :
REVENUE SERVICE,                   :
                                   :
     Defendants.                   :

AMENDED
RULING AND ORDER[1]

        Pending is a motion filed by the pro se plaintiffs seeking

to vacate the order referring the case to Magistrate Judge

Martinez, my recusal, and a hearing on these issues.  [ECF No.

14.]  For reasons that follow, the motion is denied in its

entirety and the case is dismissed without prejudice pursuant to

Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

I. Background

        Plaintiffs' complaint, filed on August 2, 2012, alleges that

the Internal Revenue Service ("IRS") failed to comply with

certain statutory requirements and agency rules and regulations

when levying money from the plaintiffs' bank accounts.  For

instance, plaintiffs claim that, in connection with the levies,

_____

        [1]  The Ruling and Order dated September 30, 2013, is hereby
withdrawn and replaced with this Amended Ruling and Order, which
provides a more complete statement of the reasons underlying the
ruling and provides the pro se plaintiffs with guidance
concerning their right to file a new action. The amendments are
in italics.

the IRS failed to provide adequate notice to them, falsified tax
obligations, and levied amounts in excess of the statutory limit,
among other violations.

Plaintiffs state that because their complaint is statutory
in nature, their claims may be heard only by a court of law, not
a court of equity.  In connection with this assertion, they have
filed a "Motion for Court to Establish a Constitutional Law
Court," [ECF No. 3], which asserts that the scope of this Court's
jurisdiction is in violation of Article III of the United States
Constitution.[2]

-------------------

[2] Plaintiffs' argument concerning jurisdiction appears to be
based on the distinction between law and equity.  Although the
distinction between law and equity remains relevant for purposes
of the Seventh Amendment's guarantee of the right to a jury trial
in "suits at common law," the distinction has no bearing on the
types of cases a district court is empowered to hear.  As noted
by the D.C. Circuit, shortly after the passage of the Federal
Rules of Civil Procedure:

> Only in cases where a timely demand for a jury has been
> made and refused does the distinction between law and
> equity have any procedural relevance.  In all other
> cases the court must give the relief to which the
> parties are entitled on the facts, applying the rules
> of both law and equity as a single body of principles
> and precedents.
>     No doubt it is convenient to refer to some of
> these principles and precedents as "law" and to others
> as "equity" because they have different historical
> origins.  Further than that, the idea that equitable
> principles supplement and modify the strict logic of
> the "law" is part of our legal philosophy and,
> therefore, useful in presenting arguments and
> distinguishing cases.  But the distinction between law
> and equity has no procedural significance whatever
> except where the right to a jury trial has been
> affirmatively denied, after a timely demand, in an

On August 13, 2012, I referred the case to Judge Martinez
for all pretrial matters.  Plaintiffs objected on the ground
that, in the absence of consent, the referral violates their
rights under Fed. R. Civ. P. 73(a) and 28 U.S.C. § 636.  [ECF No.
11.]  The Court overruled the objection, noting that Rule 73
governs trials in front of Magistrate Judges, whereas Rule 72,
which does not require consent, governs pretrial activities.
[ECF No. 12.]

On November 19, 2012, plaintiffs filed the instant motion,
entitled "Demand To Reverse Illegal Order; Demand For Judge To
Recuse Himself; Demand For Immediate Hearing," [ECF No. 14], in
which plaintiffs again argue that the referral exceeds the
jurisdiction and powers of a Magistrate Judge.  The "motion" also
seeks my recusal and a hearing on the ground that I unlawfully
coerced the plaintiffs into accepting the jurisdiction of a
Magistrate Judge.

On December 14, 2012, Magistrate Judge Martinez denied
without prejudice the motion to establish a constitutional law
court, and, on December 16, 2012, issued the following order:

> Rule 4(m) of the Federal Rules of Civil Procedure
> requires that a defendant must be served within 120

---

action which historically would be considered as
arising at "law".

Groome v. Steward, 142 F.2d 756 (D.C. Cir. 1944).  Plaintiffs'
apparent reliance on the distinction between law and equity is
therefore misplaced.

days after the complaint is filed.  Rule 4(l) sets forth
the procedure by which a plaintiff must file proof of
service.  If a plaintiff fails to meet the 120-day
deadline, Rule 4(m) provides that the court, after
giving notice to the plaintiff, must dismiss the action
without prejudice if the plaintiff does not show good
cause for the failure.  More than 120 days have elapsed
since the complaint was filed, and plaintiffs have not
filed proof of service of the complaint.  Plaintiffs
shall file a memorandum on or before 1/4/2013 showing
why this action should not be dismissed as a result.

[ECF No 16.]  In response, plaintiffs stated that they would

refuse to serve the defendants because the Court lacks

jurisdiction to hear the case, and that this action can proceed

on an ex parte basis. [ECF No. 17].[3]  As of this date, plaintiffs

still have not served their complaint or filed a memorandum in

accordance with the December 16 order.

II. Discussion

     Dealing first with plaintiffs' "demand" that I recuse

myself, the applicable statute, 28 U.S.C. § 455(a), provides:

"Any justice, judge or magistrate judge of the United States

shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."  Under this

statute, disqualification is required when "an objective,

disinterested observer fully informed of the underlying facts

[would] entertain significant doubt that justice would be done

absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d

---

     [3] Plaintiffs cite no authority, and none has been found, for
the proposition that a court may proceed on an ex parte basis
when dealing with a challenge to the Court's jurisdiction.

4

Cir. 2008).  If this objective standard is not met, disqualification is prohibited.  Aguinda v. Texas, Inc., 241 F.3d 194, 201 (2d Cir. 2001).

Plaintiffs appear to argue that recusal is warranted because of my order referring the case to Judge Martinez.  Judicial rulings rarely constitute a valid basis for a recusal motion. See Liteky v. United States, 510 U.S. 540, 555 (1994).  To provide support for such a motion, a judge's rulings must display a high degree of antagonism making fair judgment impossible.  Id. My referral of the case to Judge Martinez does not reflect any antagonism toward the plaintiffs.  In fact, such referrals are the norm.  Therefore, recusal is prohibited.

Turning to the plaintiffs' request that I "reverse" the order referring the case to Judge Martinez, plaintiffs continue to argue that the referral was invalid because it was done without their consent.  Plaintiffs' argument would be correct if the basis for the referral were 28 U.S.C. § 636(c); however, the referral was made pursuant to 28 U.S.C. § 636(b)(1)(A) and the corresponding provision in Rule 72(a) governing the pretrial activities of Magistrate Judges.  As the Court made clear in its prior order, under these latter provisions, no consent is needed for a Magistrate Judge to preside over non-dispositive pretrial matters, which was the scope of the referral here.  See Toro v. Depository Trust Co., 97 CIV. 5383 (SAS), 1997 WL 752729, at *4

(S.D.N.Y. Dec. 4, 1997) ("No consent is needed to permit a Magistrate Judge to rule on non-dispositive issues."); Kampfer on Behalf of Kampfer v. Gokey, 159 F.R.D. 370, 372 (N.D.N.Y. 1995) ("[B]ecause the magistrate judge was ruling upon non-dispositive pretrial motions . . . he was acting within his power and no consent of the parties was needed."); cf. Leslie v. Attorney Gen., 678 F.3d 265, 268 n.3 (3d Cir. 2012) (rejecting habeas petitioner's challenge to a referral of his habeas petition to a magistrate judge on the ground that he did not consent to it). Accordingly, the referral was entirely lawful.

     With regard to the plaintiffs' request for a hearing, the plaintiffs' demands that I recuse myself and vacate the referral have been rejected and their challenge to the Court's jurisdiction is without merit.  Thus, there is no need for a hearing.  The Court is not inclined to convene an unnecessary hearing simply because the plaintiffs have demanded one.  In fact, given the hostile tone of the pro se plaintiffs' submissions, there is a distinct risk that what the plaintiffs are seeking is more in the nature of a confrontation, which would be counterproductive.  *Wholly apart from this concern, and more fundamentally, the plaintiffs are asking for an ex parte hearing, and the Court is not permitted to proceed ex parte in this matter.  A judge's obligation to provide every person a hearing according to law does not allow a judge to permit or consider ex*

6

*parte communications except in emergencies and other*

*circumstances not present here.  Therefore, the request for an ex*

*part hearing must necessarily be denied.*

Given the history and status of this matter, the Court is

obliged to go beyond the plaintiffs' motion and consider whether

the action should be dismissed at this time.  Rule 41(b) gives a

district court authority to dismiss a case sua sponte for failure

to prosecute.  <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206,

209 (2d Cir. 2001).  The Second Circuit has adopted the following

five-factor test for determining whether a Rule 41(b) dismissal

is justified: (1) the duration of the plaintiff's failure to

comply with a court order, (2) whether the plaintiff has been

notified that failure to comply would result in dismissal, (3)

whether the defendant is likely to be prejudiced by further delay

in the proceedings, (4) a balancing of the court's interest in

managing its docket with the plaintiff's interest in receiving a

fair chance to be heard, and (5) whether the judge has adequately

considered a sanction less drastic than dismissal.  <u>Id.</u>

These factors weigh heavily in favor of dismissal.  The 120-

day period for service of the complaint expired long ago.  <u>See</u>

Fed. R. Civ. P. 4 (m) (providing a 120-window to serve a

complaint).  Judge Martinez's December 19 order gave the

plaintiffs adequate notice that failure to serve the complaint

would result in dismissal.  "Prejudice to defendants resulting

7

from unreasonable delay may be presumed," <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982).  The plaintiffs have refused to comply with the orders issued by the Court.  In their most recent filing, they unequivocally state, "Defendants WILL NOT be served until plaintiff's [sic] have been heard in court on the Federal question of jurisdiction and the issue has been decided.  Defendants may have to be served in a different court altogether."  [ECF No. 17.] In this unusual context, I conclude that dismissal under Rule 41(b) for failure to prosecute is proper.

In any event, the text of Rule 4(m) requires the Court, after giving notice to the plaintiffs, to dismiss an action without prejudice for failure to serve the complaint in a timely manner if the plaintiff does not show good cause for the failure.  Plaintiffs have not shown good cause for their failure to effect service in a timely manner.  Dismissal is therefore proper under Rule 4(m) alone.  <u>See</u> <u>Bogle-Assegai v. Connecticut</u>, 470 F.3d 498, 509 (2d Cir. 2006) (affirming district court's dismissal when plaintiff "made no showing whatever as to any effort on her part to effect personal service[,] . . . made no effort to show good cause for her failure and never requested an extension of time . . . when the case was pending").

Accordingly, plaintiff's motion is hereby denied in its entirety, [ECF No. 14], and the case is hereby dismissed without

prejudice pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 4(m).

*Because this dismissal is without prejudice, the plaintiffs may file a new action against the defendants reasserting the allegations of the complaint if they wish to do so.  The Court has not addressed those allegations on the merits and implies no opinion as to whether the allegations have merit.  If the plaintiffs elect to file a new action, they must promptly serve the complaint as required by applicable law.  By doing so, they can avoid the problems they have encountered in this case due to the lack of timely service of the complaint.*

The Clerk may close the file.

So ordered this 1st day of October 2013, at Hartford, Connecticut.

         /s/ RNC
      Robert N. Chatigny
United States District Court
